```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION


TIMOTHY MITCHELL,                                    CV. 08-331-HU

            Petitioner,                    FINDINGS AND RECOMMENDATION
      v.

MARK NOOTH,

            Respondent.
```

Harrison Latto
1631 NE Broadway, No. 533
Portland, Oregon 97232

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent


HUBEL, Magistrate Judge


1 -- FINDINGS AND RECOMMENDATION

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Respondent moves the court to deny habeas relief on the basis that petitioner procedurally defaulted most of his grounds for relief, and the state court's rejection of the remaining grounds is entitled to deference.

Although I agree with respondent that some of petitioner's claims are procedurally defaulted, my analysis differs from that proffered by the state. Additionally, I conclude that habeas relief is not warranted as to the claims properly exhausted.

## BACKGROUND

On July 12, 1996, petitioner was indicted on multiple counts of robbery, kidnaping, burglary, and attempted murder. Resp. Exh. 102. The evidence at trial revealed that petitioner and his co-defendant Keith Bowman were under surveillance by the Portland Police Department's Tactical Operations Division. TR at 54, & 143-44. During the early morning hours of July 8, 1996, police followed two vehicles occupied by petitioner, Bowman, Leonard Drisker, Harvey Stinson, and two females to the Brighton Apartment Complex. Id. at 64-67, 91-95, 115-18, 144-45, & 214-15. An undercover officer walked through the apartment parking lot, and positively identified petitioner. Id. at 150-53, & 173.

Robert Green was a tenant at the Brighton Apartments. Green worked the graveyard shift at Intel, and previously served in the

2 -- FINDINGS AND RECOMMENDATION

U.S. Army. Id. at 576-77. Green testified that he walked through the parking lot that evening and noticed 3 black men and a juvenile female. Id. at 583. After becoming suspicious that they were car prowlers, he placed his loaded handgun on the kitchen counter near the front door of his apartment, and left his apartment to call the police at a nearby market. Id. at 583-90.

Upon his return, he saw the female walking down the stairs which lead to his apartment. Id. at 591 & 518. When he confronted the female, he was accosted by two black males whose faces were covered by bandanas. One of the men was armed with a handgun. Id. at 593-94 & 623-24. Green testified that the men forced him back into his apartment. Id. at 595-99.

According to Green, once they were in his apartment, the armed gunman gave the gun to the other male (the heavier and taller of the two men) who then walked down the hallway of the apartment. Id. at 601-04, & 611. During this time, Green was able to grab his own handgun from the kitchen counter, and began wrestling with the unarmed man in the kitchen. Id. at 601-04, & 608-09. During the struggle, Green pulled the unarmed man's sweatshirt over his face, and hit him in the head, shoulder, and body. Id. 605-10. Green testified that the unarmed male with whom he wrestled, wore a striped shirt and continually called out "Stoge" (which, by all

accounts, is petitioner's nickname).[1]  Id. at 604-07, & 632-34. Green testified that the armed man then made his way to the doorway of the apartment, and fired several shoots back into the apartment. Id. at 608.  Both men fled the scene, leaving behind a bandana in the kitchen (containing DNA consistent with petitioner's co-defendant Keith Bowman).  Id. at 193-95, 351-52, 608-10, 726-30, & 765-71.)[2]

According to Harvey Stinson (one of petitioner's companions at the scene), petitioner ran back to the car yelling that a "dude is trying to kill Keith [Bowman]."  Id. at 221-22 & 225.  Bowman returned to the car holding his shoulder.  Id. at 221-22. Petitioner, Bowman, and their companions were apprehended by police that evening.  Id. at 104-06, 279, & 288-89.  Petitioner was found hiding under a deck.  Id. at 294-301.  Bowman was taken to the hospital due to a shoulder injury.  Id. at 302-05, 463-64, & 855-56.

At the conclusion of the trial, petitioner was convicted by a jury of three counts of Robbery in the First Degree, Kidnaping in

---

[1] According to multiple witnesses, "T. Stoge" is petitioner's nickname.  TR at 314, 474-75, 837, & 869.

[2] Green was unable to identify either Bowman or petitioner at trial.  Id. at 611.  However, Bowman testified that he was the man with whom Green struggled, that he wore a striped shirt, and that he injured his shoulder during the struggle.  TR at 849-56. Bowman testified that Green instigated the confrontation. Petitioner did not testify.

4 -- FINDINGS AND RECOMMENDATION

the Second Degree, two counts of Burglary in the First Degree, Attempted Murder, and two counts of Attempted Aggravated Murder. Petitioner subsequently was sentenced to a 280-month term of imprisonment.

Petitioner filed a direct appeal challenging the trial court's denial of his motion for mistrial, and the legality of his Measure 11 sentence. The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Mitchell, 156 Or. App. 399, 967 P.2d 530, rev. denied, 328 Or. 194 (1998).

Petitioner sought state post-conviction relief, alleging multiple claims of ineffective assistance of trial and appellate counsel. The post-conviction court denied relief, and petitioner appealed. Appellate counsel filed an opening brief raising one assignment of error-that trial counsel was ineffective for failing to move to merge petitioner's attempted murder and attempted aggravated murder convictions into a single conviction. Resp. Exh. 123 at 4. Petitioner filed a supplemental *pro se* brief raising all of the remaining claims of ineffective assistance of trial and appellate counsel which had previously been raised to the post-conviction court. Compare Resp. Exh. 124 and 108. The Oregon Court of Appeals affirmed without opinion. Mitchell v. Palmateer, 214 Or. App. 415, 165 P.3d 374 (2007).

Petitioner's appellate counsel filed a petition for review to the Oregon Supreme Court raising the claim that trial counsel was

5 -- FINDINGS AND RECOMMENDATION

ineffective for failing to move to merge petitioner's convictions. The petition for review also incorporated by reference the grounds raised in petitioner's *pro se* supplemental brief. The Oregon Supreme Court denied review. 343 Or. 467, 172 P.3d 249 (2007).

In the instant proceeding, petitioner alleges six grounds for relief: (1) ineffective assistance of trial counsel (includes subparts a-e); (2) denial of fair trial based upon same allegations as ground one; (3) trial court's ruling was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, and was based upon an unreasonable determination of the facts; (4 & 5) state post-conviction court used the wrong standard of review; and (6) ineffective assistance of appellate counsel. In his supporting memorandum, however, petitioner address only his contention that trial counsel was ineffective for failing to move the court for separate trials for petitioner and his co-defendant, Keith Bowman.

## DISCUSSION

I. **Procedural Default**.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under

state law.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based.  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.), cert. denied, 130 S.Ct. 1014 (2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th cir. 2008).  A claim is not "fairly presented" if it is presented in a procedural context in which the merits will not be considered absent special circumstances.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Coleman, 501 U.S. at 750.

**A.   Grounds for Relief 2-5.**

Ground for relief two appears to be raising a due process claim premised upon the cumulative effect of the errors allegedly committed by trial counsel.  Petitioner failed to exhaust a due

7 -- FINDINGS AND RECOMMENDATION

process claim in the state post-conviction proceeding, and the time for doing so under state law has expired. See Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008), cert. denied, 129 S.Ct. 2771 (2009) (cumulative error claim must be identified as such and exhausted); see also O.R.S. 138.550(3) & 138.650.  Accordingly, petitioner has procedurally defaulted this ground for relief, and has failed to demonstrate any basis for excusing his default.

   Grounds for relief three, four, and five simply assert that the post-conviction court's decision (1) is contrary to, or an unreasonable application of clearly established federal law, or is premised upon an unreasonable determination of the facts; and (2) employed an improper standard of review.  None of the grounds identify how petitioner's current confinement is in violation of the Constitution or laws of the United States distinct from his ineffective assistance of counsel claims.  See 28 U.S.C. § 2254(a) (habeas petitioner must allege he is in custody in violation of the Constitution or laws or treaties of the United States).  Moreover, because petitioner fails to address any of these grounds in his supporting memorandum, he has failed to sustain his burden of proving habeas relief is warranted.  Lambert v. Blodgett, 393 F.3d 943, 970 n. 16 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005) (petitioner bears burden of proving his case);  28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits notwithstanding failure of the applicant to exhaust state

remedies). Accordingly, habeas relief is denied as to these grounds.[3]

**B.   Grounds for Relief One(a-c & e) and Six.**

Respondent contends that petitioner procedurally defaulted his available state remedies because he did not raise all of the grounds to the Oregon Supreme Court on appeal from the denial of post-conviction relief. Petitioner's response is limited to a concession that "only those claims asserted in petitioner's petition for review are exhausted." Pet.'s Supporting Memo. at 22.

Respondent's contention that petitioner procedurally defaulted grounds for relief one (a-c, e) and six, fails to acknowledge the import of petitioner's incorporation of his *pro se* supplemental brief into his petition for review to the Oregon Supreme Court. His petition for review expressly provides:

> "[P]etitioner personally raises and reasserts all of the issues briefed in his *pro se* supplemental brief" [to the Oregon Court of Appeals.] Petitioner personally requests that this court grant relief on those grounds. Resp. Exh. 126 at 6.

Because incorporation by reference from an appellate brief is a permissible method of raising an issue to the Oregon Supreme

---

[3] To the extent that ground for relief 3(a) is intended to raise a direct challenge to the constitutionality of petitioner's Measure 11 sentence, it fails on the merits due to petitioner's failure to demonstrate how his sentence violates clearly established federal law. See Alvarado v. Hill, 252 F.3d 1066, 1068-69 (9th Cir. 2001) (holding that Measure 11 is not contrary to clearly established federal law).

9 -- FINDINGS AND RECOMMENDATION

Court, I reject respondent's argument that the grounds for relief raised in his *pro se* supplemental brief are procedurally defaulted. Farmer v. Baldwin, 563 F.3d 1042, 1043 (9th Cir. 2009).

Contrary to respondent's argument, the fact that petitioner did not separately set out each assignment of error, or identify applicable standards of review,[4] does not mean he did not fairly present the grounds for purposes of exhaustion. See Or. R. App. P. 5.92(2) (appellant filing *pro se* supplemental brief shall attempt to prepare brief "as nearly as practicable in proper appellate brief form"); Farmer v. Baldwin, 346 Or. 67, 205 P.3d 871 (2009) (noting that appellate rule requiring *pro se* litigant to *attempt* to file brief in *proper appellant form* does not require exact compliance with the rules of appellate briefing that lawyers observe).

Similarly, I reject respondent's assertion that petitioner did not sufficiently "develop [the] legal arguments" to constitute a fair presentation. In his *pro se* supplemental brief, petitioner cited to Strickland v. Washington, 466 U.S. 688 (1984), the 5th, 6th and 14th Amendments to the U.S. Constitution, and set forth the operative facts underlying his claim of ineffective assistance of trial and appellate counsel. Accordingly, I conclude that ground for relief one (which sets forth all of petitioner's claims on

---

[4] See Or. R. App. P. 5.45(2) & (5) (2010).

10 -- FINDINGS AND RECOMMENDATION

ineffective assistance of counsel) and ground six (ineffective assistance of appellate counsel) were properly exhausted. See Davis, 511 F.3d at 1009-11 (fair presentation requires reference to specific federal constitutional guarantee and sufficient facts to apply the constitutional principle upon which the petitioner relies).

## II. **The Merits (Grounds One and Six)**.

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland, 466 U.S. at 687-88.

The state post-conviction court rejected petitioner's claims of ineffective assistance of trial and appellate counsel on the basis that petitioner failed to present evidence to support his claims of ineffective assistance; petitioner was *not* a credible witness; and petitioner's trial and appellate counsel *were* credible witnesses. Resp. Exh. 121.

### A. **Unbriefed Grounds for Relief**.

Initially, I conclude that habeas relief is not warranted as to all of the claims of ineffective assistance of trial and appellate counsel which are alleged in the petition, but not

11 -- FINDINGS AND RECOMMENDATION

addressed in petitioner's supporting memorandum. As noted above, the only ground for relief addressed by petitioner in this proceeding is that trial counsel was ineffective for failing to move the court to sever his trial from that of his co-defendant. Habeas Petition at 7. Habeas relief is not warranted as to the remaining grounds of ineffective assistance of trial and appellate counsel because petitioner has failed to sustain his burden of demonstrating that the post-conviction court's rejection of these grounds was contrary to, or an unreasonable application of clearly established federal law; or was premised upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Blodgett, 393 F.3d at 970 n. 16 (petitioner bears burden of proving his case).

    **B.** **Failure to Move Court to Sever Trial from Co-defendant**.

In order to prevail on his claim that trial counsel was ineffective for failing to move to sever his trial from that of his co-defendant, petitioner must demonstrate that counsel's failure to file the motion fell below an objective standard of reasonableness and, had the motion been filed, there is a reasonable probability that the motion would have been granted and the outcome of the trial would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Styers v. Schriro, 547 F.3d 1026, 1029 & n.5 (9th Cir. 2008), cert. denied, 130 S.Ct. 379 (2009).

Petitioner has failed to demonstrate that trial counsel had a legal or factual basis to support a motion to sever. Oregon law favors joint trials for jointly charged defendants unless the court determines before trial that it is "clearly inappropriate" to try them jointly. O.R.S. 130.060(1). State law mandates that the state trial court "strongly consider the victim's interest in a joint trial." Id.

Petitioner argues that "[a] joint trial operated effectively to deprive [him] of what might have been his most persuasive defense; namely, the possibility that the victim had mixed up the two perpetrators." Pet.'s Memo. at 24. Petitioner explains that this defense was taken away by virtue of the fact that only he was charged with attempted aggravated murder. Id.

As outlined above, however, the evidence at trial showed overwhelmingly that Bowman, not petitioner, was the unarmed individual that wrestled with Green. Even if it is assumed that Bowman would not have testified at petitioner's trial (had the trials been severed), there was ample testimony from police officers and petitioner's other companions that petitioner was at the apartment complex the night of the shooting; that he was involved in the robbery and kidnaping of Robert Green; that the man who wrestled with Green wore a striped shirt (like the shirt worn by Bowman that evening) and repeatedly called out "Stoge" (petitioner's nickname). Additionally, there was testimony that

13 -- FINDINGS AND RECOMMENDATION

petitioner returned to the vehicle driven by Stinson, stating that Green was trying to kill Bowman, that Bowman suffered a shoulder injury as a result of the altercation; and that the bandana found in Green's kitchen contained DNA consistent with Bowman's. Petitioner points to no evidence which would support the conclusion that he was the one who wrestled with Green.

In light of the totality of the evidence presented to the jury, petitioner has failed to demonstrate that trial counsel's failure to move for severance fell below an objective standard of reasonableness, or that there is a reasonable probability that had a motion been filed, it would have been successful and the result of the proceeding would have been different. Accordingly, petitioner has failed to demonstrate that the state court's rejection of his claim is contrary to, or an unreasonable application of clearly established federal law. Habeas relief, therefore, is not warranted. 28 U.S.C. § 2254(d).

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) should be denied, and this proceeding should be dismissed, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. See 28 U.S.C. § 2253(c)(2).

///

///

14 -- FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 23, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due September 9, 2010.

DATED this 3rd day of August, 2010.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge